UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN P. KILROY,**

       **Plaintiff,**        Case No. 2:11-cv-145
                             JUDGE GREGORY L. FROST
   **v.**                         Magistrate Judge Terence P. Kemp

**JON HUSTED,**

       **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Defendant Secretary of State Jon Husted's Motion for Judgment on the Pleadings (ECF No. 13), Plaintiff's Memorandum in Opposition to Defendant's Motion for Judgment on the Pleadings (ECF No. 15), the Reply Brief in Support of the Motion for Judgment on the Pleadings (ECF No. 18), the Notice of Supplemental Authority in Support of the Defendant's Motion for Judgment on the Pleadings (ECF No. 26), and Plaintiff Kilroy's Response to Defendant's Notice of Supplemental Authority Related to Defendant's Motion for Judgment on the Pleadings (ECF No. 27).  For the reasons that follow, the Court **DENIES** Defendant's motion.

**I.  Background**

The following facts are taken from the complaint.  (ECF No. 1.)

Plaintiff John Kilroy is a lawyer and minority shareholder of Target Corporation, a publicly traded corporation that, through a network of in-store pharmacies, provides Medicaid goods and services in Ohio.  Plaintiff exercises no control over the operations of Target Corporation or its Medicaid goods and services.  Plaintiff is a registered and politically

1

active voter and he wishes to contribute to the election campaigns of candidates for Ohio Attorney General and county prosecuting attorney, but has been deterred from doing so by Ohio Revised Code § 3599.45.

Plaintiff filed the instant action under the Civil Rights Acts of 1871, 42 U.S.C. § 1983. Plaintiff alleges that Ohio Revised Code § 3599.45 violates his rights under the First and Fourteenth Amendments to the United States Constitution.

On June 3, 2011, Defendant filed his motion for judgment on the pleadings. Defendant also filed a notice of supplemental authority to which Plaintiff responded. Defendant's motion is ripe for review.

## II. Standard

Defendant moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The Court reviews motions made under Fed. R. Civ. P. 12(c) in the same manner it would review a motion made under Fed. R. Civ. P. 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a motion for judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id.* at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (clarifying the plausibility standard articulated in *Twombly*). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level[.]"

*Twombly*, 550 U.S. at 555.

### III.  Discussion

Plaintiff challenges the constitutionality of Ohio Revised Code 3599.45, which provides:

§ 3599.45. Accepting contributions from medicaid providers prohibited

(A)  No candidate for the office of attorney general or county prosecutor or such a candidate's campaign committee shall knowingly accept any contribution from a provider of services or goods under contract with the department of job and family services pursuant to the medicaid program of Title XIX of the "Social Security Act," 49 Stat. 620 (1935), 42 U.S.C. 301, as amended, or from any person having an ownership interest in the provider.

As used in this section "candidate," "campaign committee," and "contribution" have the same meaning as in section 3517.01 of the Revised Code.

(B) Whoever violates this section is guilty of a misdemeanor of the first degree.

Ohio Rev. Code § 3599.45 (enacted in 1978).

Defendant argues that Plaintiff has failed to allege a claim against him that is plausible on its face.  Specifically, Defendant posits that Plaintiff has failed to plead a sufficient ownership interest in a Medicaid provider to trigger the requirements of Ohio Revised Code § 3599.45 because "Plaintiff has not alleged that he owns at least 5% of the stock of Target Corporation." (ECF No. 13 at 2.)  Defendant contends that the phrase "any person having an ownership interest" refers only to those individuals owning at least 5% of the stock of the corporation. Defendant rests its claim on the argument that in § 3599.45 the Ohio General Assembly adopted the definition of "ownership interest" used in Medicaid statutes to refer to an ownership interest of 5% or more.  *See* 42 U.S.C. § 1320a-3(a)(3) (federal Medicaid statute defines "person with an ownership or control interest" as a person who has directly or indirectly an ownership interest of 5% or more);  42 U.S.C. §§ 1395nn(a)(1), (c)(1) (federal Medicaid statute provisions prohibit a

3

physician from making a referral to any entity if that entity is capable of presenting a Medicaid claim if the physician or members of his immediate family has a financial relationship with the entity, except if the relationship is ownership of shares of publicly traded corporations); Ohio Rev. Code § 5111.031(A)(4) (Ohio Medicaid statute defines "owner" as "any person having at least five per cent ownership in a noninstitutional Medicaid provider").[1]  Defendant's arguments are not well taken.

>As the Ohio Supreme Court directs:
>
>[W]e begin with the axiomatic principle that when the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation. *Symmes Twp. Bd. of Trustees v. Smyth* (2000), 87 Ohio St. 3d 549, 553, 721 N.E.2d 1057, 1061, citing *Meeks v. Papadopulos* (1980), 62 Ohio St. 2d 187, 190, 16 Ohio Op. 3d 212, 213, 404 N.E.2d 159, 161. "Where a statute is found to be subject to various interpretations, however, a court called upon to interpret its provisions may invoke rules of statutory construction in order to arrive at the legislative intent." *Meeks* at 190, 16 Ohio Op. 3d at 214, 404 N.E.2d at 162. If interpretation is necessary, the General Assembly has expressly provided that courts should interpret statutory terms and phrases according to their common and ordinary (or, if applicable, technical) usage. R.C. 1.42.

*State v. Muncie*, 91 Ohio St. 3d 440, 447 (Ohio 2001).

In the instant action, the Court concludes that the language "any person having an ownership interest in the provider" is not ambiguous and means that the candidate cannot accept a contribution from any person having *any* ownership interest in the Medicaid provider. "The word 'an' is an indefinite article used as a function word before a singular noun and generally signifies 'any' which is a synonym of 'a.' " *Grim v. Schottenstein, Zox & Dunn Co., L.P.A.*, 82

---

[1] The Court notes that Ohio Revised Code § 3599.45 was enacted in 1978. Thus, the Ohio General Assembly could not have been aware of the definitions in two of the statutes upon which Defendant relies because they were enacted after 1978. That is, 42 U.S.C. § 1395nn was enacted in 1989 and Ohio Revised Code § 5111.031 was enacted in 2004.

Ohio App. 3d 450, 455 (Ohio Ct. App. 1992) (citing *State ex rel. Roberts v. Snyder*, 149 Ohio St. 333, 336 (1948) (" 'a' tie -- any tie, inasmuch as 'any' is a dictionary synonym of 'a.' ")). The statute does not require ownership to be confined to any specific percentage. Indeed, no ordinary citizen or candidate reading § 3599.45 for guidance on how to act would understand "an ownership interest" to encompass only a 5% or more ownership interest.

Accordingly, the Court concludes that Plaintiff has pled a plausible claim for relief.

### IV. Conclusion

For the reasons set forth above, the Court **DENIES** Defendant Secretary of State Jon Husted's Motion for Judgment on the Pleadings. (ECF No. 13.)

**IT IS SO ORDERED.**

    **/s/ Gregory L. Frost**
    **GREGORY L. FROST**
    **UNITED STATES DISTRICT JUDGE**