## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JOHN P. KILROY,**

          **Plaintiff,**                  **Case No. 2:11-cv-145**
                                       **JUDGE GREGORY L. FROST**
      **v.**                          **Magistrate Judge Terence P. Kemp**

**JON HUSTED,**

          **Defendant.**

### OPINION AND ORDER

This matter is before the Court on the Motion to Reconsider Order to Quash Subpoenas of Mike DeWine, J.B. Hadden, and Custodian of Records and Motion for Authorization to Take Additional Discovery Related to Ohio Rev. Code § 3599.45's Impact on County Prosecuting-Attorney Candidates (ECF No. 64), the Memorandum of Non-Parties Richard Michael DeWine, Custodian of Records for Mike DeWine for Ohio, and J.B. Hadden in Opposition to Plaintiff's Motion to Reconsider Order to Quash Subpoenas (ECF No. 68), and Plaintiff Kilroy's Reply in Support of Motion to Reconsider Order to Quash Subpoenas of Mike DeWine, J.B. Hadden, and Custodian of Records and Motion for Authorization to Take Additional Discovery Related to Ohio Rev. Code § 3599.45's Impact on County Prosecuting-Attorney Candidates (ECF No. 69). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion.

### I.  Background

Plaintiff John Kilroy is a lawyer and minority shareholder of Target Corporation, a publicly traded corporation that, through a network of in-store pharmacies, provides

1

Medicaid goods and services in Ohio.  Plaintiff is a registered and politically active voter and he wishes to contribute to the election campaigns of candidates for Ohio Attorney General and county prosecuting attorneys, but claims that he has been deterred from doing so by Ohio Revised Code § 3599.45.

Plaintiff filed the instant action, alleging that Ohio Revised Code § 3599.45 violates his rights under the First and Fourteenth Amendments to the United States Constitution.  Plaintiff also alleges that the statute is unconstitutionally overbroad, effecting many other *de minimus* shareholders in publicly traded Medicaid providers.  Plaintiff seeks a declaratory judgment that § 3599.45 is unconstitutional.

Plaintiff has served subpoenas on Ohio Attorney General Richard Michael DeWine, the DeWine Campaign, and the campaign's treasurer, J.B. Hadden.  Each subpoena commands these non-parties to appear at depositions and to bring several categories of documents related to the DeWine Campaign's activities, including: policies and procedures relating to compliance with Ohio Revised Code § 3599.45, communications with potential contributors "who are or were suspected to be Ohio Medicaid providers . . . regarding the subject of contributing"; and communications with potential contributors discussing § 3599.45.  (ECF Nos. 23, 24, 25.) Additionally, the subpoena directed at General DeWine orders him to produce "all personal brokerage- or investment-account statements" for individual or joint accounts with his wife "that reflect an ownership interest in" any of the following Wal-Mart, Wal-mart Stores, Inc., Walgreen Co., CVS Caremark Corp., Rite Aid Corp., Target Corp., Medco Health Solutions, Inc., and Kroger Co.  (ECF No. 23.)  The subpoena also commands General DeWine to produce all documentation of the dates in 2009 and 2010 on which he individually or jointly with his wife

2

purchased or sold stock in any of the above-mentioned companies.  *Id.*

These three non-parties moved to quash the subpoenas.  (ECF No. 29.)  On August 24, 2011, this Court granted the non-parties' motion to quash.  (ECF No. 31.)

On August 26, 2011, Plaintiff filed a request for a telephone status conference to "to discuss and seek the Court's guidance regarding his discovery plans" in light of the Court's decision to grant the non-parties' motion to quash.  (ECF No. 32 at 1.)  This Court scheduled a status conference with the parties and at that conference Plaintiff's counsel convinced the Court that some of the information Plaintiff seeks through deposition testimony of the non-party attorney general and county prosecuting attorney candidates is relevant to support his allegations that Ohio Revised Code § 3599.45 is unconstitutionally overbroad and that the statute is not "closely drawn."  Also, Plaintiff's counsel argued that, in light of Defendant's new assertion that he intends to defend against this suit by showing that § 3599.45 in not enforced, Plaintiff is entitled to discover information as to the factual accuracy of this contention.  Plaintiff's counsel also indicated that the subpoena issued to Attorney General DeWine (and those anticipated to be issued to county prosecuting attorney candidates) could be narrowed to avoid the Court's objection to the breadth of the subpoena.

At the conference, the parties agreed to negotiate together to attempt to reach some fact stipulations related to the reach of § 3599.45.  The Court indicated that it may be inclined to revisit its previous order granting the non-parties' motion to quash if the parties could not come to an agreed stipulation related to this information.

Ultimately the parties were unable to come to any agreed-upon stipulation and Plaintiff moved for reconsideration of this Court's decision granting the non-parties' motion to quash.  In

that motion, Plaintiff added the new request that he be permitted to depose non-party county prosecuting attorney candidates.  That motion is ripe for review.

## II.  Standards

This Court has the "inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment."  *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991).  The Court invokes that power to reconsider its previous decision granting the non-parties' motion to quash.

The Court previously relied upon Rule 45 of the Federal Rules of Civil Procedure to determine whether the subpoenas at issue were appropriately quashed.  Rule 45 provides that "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).  In determining whether a subpoena imposes an undue burden, a court considers "such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed."  *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D. N.Y. 1996)).  "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure."  *Id.*  Finally, the burden is on the party seeking information to "establish a need for the breadth of the information sought in response to [a non-party's] *prima facie* showing that the discovery [would be] burdensome." *Katz v. Batavia Marine & Sporting*, 984 F.2d 422, 423-24 (6th Cir. 1993).

### III.  Discussion

Initially, the Court notes that the subpoenas as they stand currently are exceedingly broad.  The breadth of the information requested was partially responsible for the Court's decision to quash the subpoenas.  Plaintiff now offers to narrow the scope of the subpoenas.  And, as the Court explains below, it will permit Plaintiff to elicit a very limited category of information from Attorney General DeWine and the county prosecuting attorney candidates, leaving the already-issued subpoenas largely, if not entirely, obsolete.  As opposed to dissecting the already issued subpoenas to determine if any of the requests made in them survive this Opinion and Order, the Court hereby **QUASHES** the existing subpoenas.

As to the narrowed categories of information Plaintiff wishes to elicit in deposition testimony, the Court places that information into two groups.  First, information about how Ohio Revised Code § 3599.45 impacts the ability of individuals to contribute to the campaigns of candidates for attorney general and county prosecuting attorney and impacts the ability of candidates to raise funds.  Second, information related to Defendant's anticipated defense that § 3599.45 is not enforced.  This Court must determine whether subjecting non-parties to depositions in this action to elicit this information poses an undue burden upon them.

To make this determination, the Court first evaluates whether the sought-after information is relevant.  Plaintiff argues that in order to show that the statute at issue is unconstitutionally broad and that it violates the First Amendment because it is not closely drawn to match a sufficiently important governmental interest, he must be allowed to determine the impact of the statute on attorney general and county prosecuting attorney candidates.  Plaintiff posits that the Court erred in determining that the constitutionality of the statute at issue will be

determined without reference to any of the fact evidence he wishes to elicit from Attorney

General DeWine and/or county prosecuting attorney candidates.  The Court agrees that a discrete

category of the information that Plaintiff seeks is indeed relevant.  *See* Fed. R. Civ. P. 26(b)(1)

("Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence.").

The standard that courts apply to determine whether laws restricting campaign

contributions unconstitutionally impinge on a plaintiff's rights of association and speech was

established by the United States Supreme Court in *Buckley v. Valeo*, 424 U.S. 1 (1976) and its

progeny.  In *Buckley*, the Supreme Court held that contributing to political campaigns is an

activity protected by the First Amendment's guarantees of free association and free speech.  *Id.*

at 14-19.  The Court noted that a contribution restriction impacts a plaintiff's associational rights

because "[m]aking a contribution, like joining a political party, serves to affiliate a person with a

candidate."  *Id.* at 22.  The Court, however, also noted that

> a limitation upon the amount that any one person or group may contribute to a
> candidate or political committee entails only a marginal restriction upon the
> contributor's ability to engage in free  communication.  A contribution serves as a
> general expression of support for the candidate and his views, but does not
> communicate the underlying basis for the support.

*Id.* at 20-21.  Thus, the Court held that a contribution limitation statute, such as Ohio Revised

Code § 3599.45, will be found constitutional so long as it is closely drawn to match a sufficiently

important governmental interest.  *Id.* at 25.

Plaintiff argues that in order to show that Ohio Revised Code § 3599.45 is closely drawn,

the Supreme Court requires that he determine the "statute's impact on candidates' ability to

amass financial resources."  (ECF No. 69 at 2.)  To determine this, Plaintiff claims that he needs

factual evidence as to the actual impact of § 3599.45, not just its potential impact.  Plaintiff relies

most heavily on *Randall v. Sorrell*, 548 U.S. 230 (2006), for this proposition.  The *Randall* Court

invalidated a Vermont campaign contribution statute as violative of the First Amendment.  In

determining that the statute at issue was not closely drawn, the Court relied "in particular" upon

"five factors together."  *Id.* at 253.  Of those five factors, four of them viewed the statutory

language and determined how it would *potentially* effect candidates.

      For example, the statute subjected volunteers to the same contribution limit as individuals

giving financial contributions, providing no exception for expenses volunteers would incur such

as travel expenses, "pencils and pads, and so forth."  *Id.* at 260-61.  The Court was concerned

that "any carelessness in this respect can prove costly, *perhaps generating* a headline,

'Campaign laws violated,' that works serious harm to the candidate."  *Id.* at 260 (emphasis

added).  Another example of the Court examining the statutory language to determine its

potential, as opposed to actual, effect is its equal treatment of political parties and individual

contributors.  The Court stated:

> Or, to take a more extreme example, *imagine* that 6,000 Vermont citizens each want
> to give $1 to the State Democratic Party because, though unfamiliar with the details
> of the individual races, they would like to make a small financial contribution to the
> goal of electing a Democratic state legislature.  *And further imagine* that the party
> believes control of the legislature will depend on the outcome of three (and only
> three) House races.  The Act prohibits the party from giving $2,000 (of the $6,000)
> to each of its candidates in those pivotal races.  Indeed, it permits the party to give
> no more than $200 to each candidate, thereby thwarting the aims of the 6,000 donors
> from making a meaningful contribution to state politics by giving a small amount of
> money to the party they support.  Thus, the Act would severely inhibit collective
> political activity by preventing a political party from using contributions by small
> donors to provide meaningful assistance to any individual candidate.

*Id.* at 258 (emphasis added).  Thus, a large part of Plaintiff's argument will be properly made by

viewing the statutory language and its potential reach.

However, the *Randall* Court also relied upon a "race-by-race analysis" of races before the statute took effect and each party had their experts opine on whether the "contribution limits would have reduced the funds available" to candidates in competitive races. *Id.* at 253. The Court explained that "the record suggests, though it does not conclusively prove, that [the Vermont statute]'s contribution limits will significantly restrict the amount of funding available for challengers to run competitive campaigns." *Id.* at 253. Plaintiff argues that this is the type of information he seeks here, *i.e.*, data on Ohio Revised Code § 3599.45's financial impact on candidates for attorney general and county prosecutor. Based on *Randall*, the Court finds that this evidence is relevant.

As to Plaintiff's argument related to his overbreadth challenge, he correctly relies upon case law that provides that litigants "are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression." *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973). The party claiming overbreadth bears the burden of demonstrating "from the text of [the law] and from actual fact," that substantial overbreadth exists." *Virginia v. Hicks*, 539 U.S. 113, 122 (2003). Based on this law, the Court concludes that the evidence Plaintiff seeks to gather to show the effect Ohio Revised Code § 3599.45 has on individual contributors to candidates for attorney general and county prosecutor is relevant.

The Court now considers the relevance of information related to a candidate's ability to contribute to his or her own campaign without violating Ohio Revised Code § 3599.45, the second category of information Plaintiff seeks. Plaintiff wants to obtain information related to

8

whether Attorney General DeWine and/or county prosecuting attorney candidates violated the statute by donating to themselves at the same time they held stock in a Medicaid provider and whether these candidates/office holders violated § 3599.45 by accepting contributions from other holders of Medicaid provider stock. Plaintiff argues:

> The Court previously held that this information was not relevant, because "[w]hether Attorney General DeWine, or any other attorney general or county prosecutor, violated the statute does not change its reach." Mr. Kilroy respectfully submits, however, that in light of the Secretary's intention to raise a defense that the statute has not been enforced and would not be enforced, information establishing that the Attorney General or any other prosecutor violated the statute is highly relevant. If it is true that the statute has up until now not been enforced—which the Secretary has not established—it may only be because candidates have been in compliance with the statute, and violations previously simply had not come to light. Evidence of potential violations may change whether the statute is likely to be enforced.

(ECF No. 64 at 7-8.)

Plaintiff's arguments are well taken. That is, if Defendant plans to defend this action by arguing that § 3599.45 is not enforced, then information as to whether the statute was violated by, enforced against, or threatened to be enforced against these non-parties is relevant.

The non-parties do not agree that the information Plaintiff seeks is relevant or necessary. They argue, however, that even if the evidence is found to be relevant and discoverable, they should not be required to submit to a deposition related to it because it imposes an undue burden on them. The non-parties argue that Plaintiff's real intent is to embarrass Attorney General DeWine, pointing out that it is no coincidence that Plaintiff's lead attorney in this case is also running for county prosecutor in Cuyahoga County, Ohio. In response, Plaintiff insists that his "sole purpose in issuing subpoenas to these third parties is to prove how absurdly broad, unworkable, and ultimately unconstitutional the contested statute is, by showing its unfair impact on candidates like Mr. DeWine." (ECF No. 69 at 1.) In other words, Plaintiff is not concerned

9

with the identification of the candidate that did or did not violate the statute (nor does this Court find the identity of the candidate relevant).

The non-parties certainly raise legitimate concerns.  The Court, however, can alleviate much of the burden upon any non-party by narrowly tailoring the category of information Plaintiff will be permitted to discover to only information this Court has found to be relevant in this decision, permitting deposition only by written examination, and by keeping the providers of the information confidential to everyone except the Court.  In balancing the need Plaintiff has for the information this Court has deemed to be relevant and not cumulative against this less onerous burden, the Court concludes that the burden upon the non-parties is not undue.  This is so even if the Court were to apply the more stringent standard high ranking officials, such as General DeWine, enjoy when subpoenaed in matters related to the official's public duties.  *See Jones v. Hirschfield*, 219 F.R.D. 71, 75 (S.D. N.Y. 2003).

The Court therefore will permit Plaintiff to submit to this Court written questions relating to the categories of information this Court has determined are relevant.  Specifically, data on Ohio Revised Code  § 3599.45's financial impact on candidates for attorney general and county prosecutor and information as to whether the statute was enforced or threatened to be enforced against the non-parties for violations.  Once the Court approves the questions, Plaintiff may issue the subpoenas for the written depositions.  *See* Fed. R. Civ. P. 30(c)(3).  Plaintiff must provide the questions to the court reporter and inform the reporter that the nature of the deposition is confidential and that he or she is to treat the information discussed as such.  At the depositions, each non-party is permitted to have counsel.  No one other than the deponent and the deponent's counsel is permitted to attend the deposition.  The court reporter will read the questions to the

10

deponent and transcribe the deponent's response.  The officer will then send the transcription directly to this Court.  The Court will redact the identifying information from the transcripts, provide a new identifying number to the information, and provide that information to Plaintiff. Plaintiff will, therefore, be provided the information this Court has deemed to be relevant without imposing an undue burden on the non-parties.  If a status conference is necessary to refine the procedure, the parties may contact this Court and a status conference will be scheduled to give direction to the parties regarding the procedure to be utilized.

### IV.  Conclusion

For the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** the Motion to Reconsider Order to Quash Subpoenas of Mike DeWine, J.B. Hadden, and Custodian of Records and Motion for Authorization to Take Additional Discovery Related to Ohio Rev. Code § 3599.45's Impact on County Prosecuting-Attorney Candidates.  (ECF No. 64.) The Court **QUASHES** the existing subpoenas and **GRANTS** Plaintiff the ability to reissue and/or issue subpoenas in accordance with the directions set forth in this Opinion and Order. The providers of the information will be kept confidential to everyone except the Court.

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**